UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 17-cv-04360-EMC<br><br>**ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED** |

The Court may "act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 9181). Generally, "the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion'" unless the plaintiff "cannot possibly win relief under the statute they have urged." *Id.* at 362 (citation omitted). Having reviewed the Complaint and Defendant Tani Cantil-Sakauye's motion to dismiss, *see* Docket No. 9, the Court hereby **ORDERS** Plaintiff to show cause why the other claims should not be dismissed. Plaintiff's response to this order shall be filed by **September 29, 2017** and will be heard concurrently with Defendant Cantil-Sakauye's motion to dismiss on **October 26, 2017 at 1:30 p.m**.

A.    <u>Plaintiff Has Not Demonstrated Compliance with Pre-Filing Order</u>

Plaintiff alleges a series of confusing and difficult-to-understand conspiracies that, he claims, resulted in the dismissal of a lawsuit he previously filed in the Northern District of California to challenge his disbarment. Plaintiff's similar lawsuits in other courts have led the San Diego Superior Court of California, the Los Angeles Superior Court of California, and the Central

District of California to declare him a vexatious litigant. *See* Defendant Cantil-Sakauye's Request for Judicial Notice ("RJN"), Exs. A, E, F.[1] The Central District of California, in particular, has imposed a pre-filing requirement on Plaintiff as follows:

> Plaintiff is PROHIBITED from initiating any further litigation in this or any other federal court alleging deprivation of his rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California . . .

RJN, Ex. A at 10. The Ninth Circuit has affirmed this pre-filing restriction. *See Dydzak v. Cantil-Sakauye, et al.*, 603 Fed.Appx. 622 (9th Cir. 2015).

Because this Complaint, too, is based on the same purported web of conspiracies frustrating his attempts to challenge his disbarment, this Complaint is "based on his disbarment." Further, the allegation of deprivation of his rights under 42 U.S.C. § 1983 and *Bivens* appears to be tied to his disbarment. *See*, *e.g.*, Compl. ¶ 42. Accordingly, those claims appear to fall within the scope of the Central District of California's pre-filing order.

Plaintiff has failed to submit proof of his compliance with that order. Accordingly, Plaintiff is ordered to show cause why all of Plaintiffs' claims on the basis of 42 U.S.C. § 1983 and *Bivens* should not be dismissed. *See*, *e.g.*, *In re* Fillbach, 223 F.3d 1089, 1091 (9th Cir. 2000) (holding "it is clear that a district court has authority to dismiss" when a plaintiff "fil[es] in one district court to avoid a vexatious litigant order in another."); *Mendez-Valenzuela v.* Arizona, 436 Fed.Appx.827, 828 (9th Cir. 2011) (affirming district court's dismissal of case where plaintiff "failed to comply with the vexatious litigant orders entered against her"). These claims are the First, Ninth, Twelfth, Sixteenth, Seventeenth, Nineteenth, and Twenty-Fifth causes of action.

B. <u>Judicial Immunity Requires Dismissal of Defendant Judges and Clerks of the Court</u>

Defendants Yvonne Gonzales Rogers, Claudia Ann Wilken, Tani Cantil-Sakauye, Ellen S. Huvelle, Manuel Lawrence Real, Cynthia A. Snyder, Sidney R. Thomas, John C. Coughenour, Milan D. Smith, Jr., Edward Leavy, Consuelo M. Callahan, Virginia A. Phillips, Stephen V.

---

[1] The Court hereby takes judicial notice of the court filings in question. *See Reyna v. Pasta Bella, LLC v. Visa, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Defendant's request for judicial notice is thus **GRANTED**. *See* Docket No. 10.

Wilson, and Robert H. Whaley are all federal and state judges. For the reasons below, they are entitled to judicial immunity.

Plaintiff alleges that these Defendants are, or were at all relevant times, federal or state judges. *See* Compl. ¶¶ 3, 6, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27. "A judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). *See also Dydzak v. Cantil-Sakauye*, 603 Fed.Appx. 622 (9th Cir. 2015) (affirming dismissal of claims brought by Plaintiff against several judges).

Plaintiff claims that several of these Defendants cannot benefit from judicial immunity because he seeks only injunctive or declaratory relief, but "[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).[2]

As to Plaintiffs' claims against Defendant Molly C. Dwyer, Clerk of the Ninth Circuit Court of Appeals, and Kiry Gray, Clerk of the United States District Court for the Central District of California, *see* Compl. ¶¶ 23, 24, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390. Court clerks for the federal courts are also entitled to immunity for actions from declaratory, injunctive and other equitable relief. *Id.* at 1394. Plaintiff's allegations against Dwyer relate only to allegations that his telephone calls to the Clerk's Office of the Ninth Circuit Court of Appeals have been "blocked." Compl. ¶¶ 34-45. Similarly, his allegations against Gray relate to his designation as a vexatious litigation in the Central District of California, and Gray allegedly agreeing only to "lodge" a pleading Plaintiff

---

[2] Although absolute judicial immunity from injunctive or declaratory relief does not extend to state court Chief Justice Cantil-Sakauye, *see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), the Court also intends to dismiss Plaintiff's remaining state law claims against her for "intentional infliction of emotional distress" and "conspiracy to tortiously interfere with the lawful processes of the court." Because the federal claims against her will be dismissed for failure to comply with a pre-filing order, this issue is moot with respect to those claims. Further, upon dismissal of the federal claims, the Court will lack supplemental jurisdiction to oversee the state law claims. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984).

attempted to file. Compl. ¶¶ 189-195. The allegations against both Dwyer and Gray relate to their performance of "tasks that are an integral part of the judicial process," *Mullis*, 828 F.2d at 139, and they are entitled to absolute quasi-judicial immunity for those tasks.

Thus, on the basis of judicial immunity, Plaintiff is ordered to show cause why Plaintiff's First, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-Fifth, and Twenty-Sixth causes of action should not be dismissed.

C. <u>Plaintiff Fails to State a Claim Against Defendant United States of America</u>

Plaintiff's only specific request vis-à-vis the United States appears to be a request that "Defendant USA should be ordered to appropriately intervene, meet and confer and work in concern with the court-ordered receiver to ensure the safety, welfare, security and interests of bank customers, consumers and the public at large are protected during the receivership process." Compl. ¶ 87. The Court is not aware of any legal authority to order the United States to intervene in litigation.

Even construing the complaint liberally to include claims for damages against the United States, Plaintiff's claims are not the type for which sovereign immunity has been waived. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (42 U.S. § 1983 does not waive sovereign immunity); Federal Wiretap Law, 18 U.S.C. § 2520(a) (only allowing recovery "from the person or entity, *other than the United States*" which engaged in prohibited activity (emphasis added)); *Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991) (holding that RICO claims are unavailable against government entities because they "are incapable of forming a malicious intent"); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (recognizing that "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity"). There is no sovereign immunity bar to Plaintiff's start tort claim for intentional infliction of emotional distress, *see Jachetta v. U.S.*, 653 F.3d 898, 904 (9th Cir. 2011) (Federal Tort Claims Act "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred'")

(citation omitted), but Plaintiff fails to plead any facts against the United States sufficient to state a claim under Rule 12(b)(6). Similarly, even if there were a cause of action available against the United States by virtue of the Dodd Frank Act's amendments to 15 U.S.C. § 78u-6 (see below), Plaintiff has failed to allege any facts against the United States to support such a claim.

Accordingly, Plaintiff is ordered to show cause why Plaintiff's claims against the United States should not be dismissed.

D. <u>Plaintiff's Second and Third Causes of Action (Defendants Eric M. George, Ronald M. George, and Alan Rothberg)</u>

Plaintiff brings a cause of action for violations of the Federal Wiretap Act, 18 U.S.C. § 2520, and for intentional infliction of emotional distress against Defendants Eric M. George, Ronald M. George,[3] and Alan Rothenberg, attorneys who allegedly "intercepted and hacked into" his voice mail and text, Compl. ¶ 47. Plaintiff suspects the surveillance because his "telephone conversations have often dropped and ended, strange beeps have been heard, numerous reception problems have occurred, and conversations can often not be heard." Compl. ¶ 50.

The Federal Wiretap Act provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a).

To survive dismissal, "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the Court must construe "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to plaintiff, *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

---

[3] Defendant George is a retired California state judge. However, the action is not dismissed against him on the basis of judicial immunity because Plaintiff alleges he "is being sued herein for unlawful and fraudulent actions he took after he left the bench." Compl. ¶ 8.

5

Here, Plaintiffs' allegations of "intercept[ing]" and "hack[ing] into" his voice mail and text are implausible. That his calls have been "dropped and ended," that he has heard "strange beeps," or has had "reception problems" do not reasonably or plausibly lead to the conclusion that his voice mail and text messages have been intercepted or hacked. Indeed, it is unclear how problems he may have observed with the sound quality of *phone calls* have anything to do with his text messages or his voicemail. Further, even assuming they did, Plaintiff has not alleged any facts plausibly connecting those problems to Defendants Eric M. George, Ronald M. George, and Alan Rothenberg.

Accordingly, because Plaintiff has failed to state a plausible claim under the Federal Wiretap Law or for intentional infliction of emotional distress, Plaintiff is ordered to show cause why the Second and Third Causes of Action should not be dismissed.

E. <u>Plaintiff's Fourth Cause of Action ("Dodd-Frank Act")</u>

Plaintiff brings a claim against Defendant Schwab under the Dodd-Frank Act for allegedly "engag[ing] in a systematic scheme and modus operandi, giving illicit financial incentives, kickbacks and bribes, as well as unwarranted favorable financial treatment through his [sic] various financial entities and companies, to certain federal and California judges and attorneys," in order "to harm and damage [Plaintiff] in litigation and state bar disciplinary proceedings." Compl. ¶ 65. Plaintiff requests various forms of relief under "Section 1105 and other pertinent sections of the DODD-FRANK ACT," ranging from monetary damages and restitution to various forms of injunctive relief. Compl. ¶ 67.

The Dodd-Frank Act "was passed in the wake of a financial scandal—the subprime mortgage bubble and subsequent market collapse of 2008." *Somers v. Digital Realty Trust Inc.*, 850 F.3d 1045, 1048 (9th Cir. 2017). Its "main purposes included 'promoting the financial stability of the United States by improving accountability and transparency in the financial system' and 'protecting consumers from abusive financial services practices.'" *Id.* (quoting Pub. L. No. 111-203, 124 Stat. 1376, 1376 (2010)).

The only specific provision Plaintiff cites as a basis for his cause of action is Section 1055 of the Dodd-Frank Act. However, Section 1055, codified at 12 U.S.C. § 5565, merely sets out the

6

types of relief available when enforcement proceedings are brought pursuant to the Dodd-Frank Act "with respect to a violation of Federal consumer financial law." *See* 12 U.S.C. § 5564(a). It does not create a private cause of action. The only private cause of action related to Dodd-Frank of which the Court is aware is that related to protection of whistleblower employees. *See* 12 U.S.C. § 5567. Plaintiff does not allege that he was ever an employee of Defendant Schwab or that he was subsequently "discharge[d] or discriminate[d] against" in his employment, *id*., and therefore he fails to state a valid legal claim.

Because the Dodd-Frank Act does not create a cause of action on which Plaintiff may sue, Plaintiff is ordered to show cause why the Fourth Cause of Action should not be dismissed.

F. <u>Plaintiff's Fifth Cause of Action (RICO)</u>

Plaintiff alleges Defendants Eric George, Ronald George, Rothenberg, 1st Century Bank, and 1st Century Bancshares Inc. violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961-1968. To recover under 18 U.S.C. § 1962(c), a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. *See Living Designs, Inc. v. E.I. Dupont de Numours & Co.*, 431 F.3d 353, 361 (9th Cir.2005).

Plaintiff claims the RICO Defendants engaged in "massive money-laundering, bank fraud, tax fraud and other illegal activities," Compl. ¶ 70, and "obstruction of justice, money-laundering, mail, bank and wire fraud, and conversion of funds and monies of the State of California and United States." Compl. ¶ 81. These conclusory allegations fail to substantiate the "predicate acts" requirement of a civil RICO claim. To the extent Plaintiff alleges various forms of fraud as the predicate RICO acts, he clearly does not meet Federal Rule of Civil Procedure 9's heightened pleading requirements. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) ("Rule 9(b)'s requirements that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity applies to civil RICO fraud claims."); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct

7

charged."). Plaintiff does not meet the more relaxed standards of Rule 8 on the remaining predicate acts either; he generally alleges that Defendants engaged in the unlawful behavior over the course of over a decade without alleging any specific facts from which a conclusion violations of law can plausibly be drawn.

Plaintiff also has not plausibly alleged the existence of a plot or conspiracy between Defendants. The sole factual basis for the alleged "preferential financial treatment [given by Defendants] to said judges and attorneys through banking transactions" is an alleged comment by Defendant Rothenberg that "I'm going to get you," and a comment by Defendant George to Plaintiff that "Nobody cares what you have to say." Compl. ¶ 80. Plaintiff takes the latter as "referring, arrogantly, to his improper and illegal influence." These alleged comments, even if true, do not plausibly support the existence of a conspiracy between Defendants or the existence of improper or illegal influence. *Cf. Twombly*, 550 U.S. at 557 (allegations of conspiracy insufficient).

Plaintiff also fails to plausibly allege that the harm he purportedly suffered was in any way linked to the purported unlawful acts or conspiracies of Defendants. The only harm alleged is that "various valid lawsuits by [Plaintiff] have been generally dismissed on bogus procedural grounds and not heard on the merits," or that "appeals are intentionally stalled inordinately, filings are illegally not permitted, or there are never rulings on pending appeals." *Id.* These, too, are conclusory allegations that fail to show proximate causation by Defendants. *See Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451, 462 (2006) ("[A] claim is cognizable under § 1964(c) only if the defendant's alleged violation proximately caused the plaintiff's injury.").

Thus, Plaintiff is ordered to show cause why the Fifth Cause of Action should not be dismissed for failure to state a claim.

G. <u>Plaintiff's Sixth Cause of Action Against Defendants USA, 1st Century Bank, N.A., and 1st Century Bancshares, Inc.</u>

Plaintiff seeks the appointment of a receiver "[i]n view of the RICO violations and other violations of federal law herein stated, including acts of obstruction of justice and breaches of federal banking regulations." Compl. ¶ 87. "Under federal law, appointing a receiver is an

8

United States District Court
For the Northern District of California

extraordinary equitable remedy, which should be applied with caution." *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (citation and quotation omitted). Although "there is no precise formula for determining when a receiver may be appointed," federal courts consider the following factors: "(1) whether the party seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct, by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and (7) whether the plaintiff's interests sought to be protected will in fact be well-served by receivership." *Id.* (citations and quotations omitted).

As explained elsewhere in this order, Plaintiff has not plausibly alleged a RICO violation or violations of other federal laws by Defendants United States of America, 1st Century Bank, N.A., or 1st Century Bancshares, Inc. He has failed to meet the pleading requirements under Rule 9(b) for allegations of fraudulent conduct. Accordingly, there is no basis, even if Plaintiffs' factual allegations are true, to impose a receiver on the banks. Plaintiff is ordered to show cause why the Sixth Cause of Action should not be dismissed.

H.      Plaintiff's Claims for Intentional Infliction of Emotional Distress

Plaintiff brings a claim against Defendants Matt Rogers, McKinsey and Company, Jeffrey L. Bleich, Charles Schwab, Ronald M. George, and Eric M. George for intentional infliction of emotional distress (Eighth Cause of Action). *See* Compl. ¶¶ 98-103. Plaintiff also brings a claim against Defendants Schwab, Rothenberg, and Eric and Ronald George for intentional infliction of emotional distress based on allegations that they "fixed" the outcome of another lawsuit (Twenty-Second Cause of Action). *See* Compl. ¶¶ 173-178. Plaintiff repeats this claim as the Twenty-Fourth Cause of Action. *See* Compl. ¶¶ 184-188. Plaintiff repeats yet another claim for intentional infliction of emotional distress against Defendants Schwab, Rothenberg, and Eric and Ronald George for purportedly "ensuring that the disqualification motion of Defendant WHALEY was not filed in DYDZAK v. GEORGE" as the Twenty-Eighth Cause of Action. *See* Compl. ¶¶

9

204-209. (Plaintiff's claim for intentional infliction of emotional distress against Defendant Cantil-Sakauye is not addressed here because it is subject to a separate motion to dismiss.)

As a preliminary matter, the Court intends to dismiss these claims because, if it dismisses the federal claims, it will not retain jurisdiction over the remaining state-law claims. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984). However, even if it were to have jurisdiction, all of these counts fail to state a claim. First, the recitation is barebones and limited to conclusory allegations related to the elements of a claim, which are not sufficient to meet the *Twombly* pleading standard. Further, the gist of these claims appears to relate to the non-judicial Defendants' unspecified "ex parte communications" and unidentified forms of "influencing" and "affecting" Judge Rogers, causing her to dismiss a case he filed in the Northern District of California; claims that the non-judicial Defendants "fixed" another lawsuit; and claims that they "ensur[ed]" a disqualification motion was "not filed." Even assuming that Plaintiff could allege with specificity facts that plausibly support concrete links between the vast web of individuals purportedly conspiring to cause him emotional harm through the dismissal of a lawsuit, his claim would fail as a matter of law. The alleged judicial actions supposedly induced by these defendants were not extraordinary and were not part of "outrageous conduct" that can be the basis of an intentional infliction of emotional distress claim.[4] *Cf. Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 80 (1996) ("Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged."); *Regents of Univ. of Cal. v. Sup. Ct.*, No. A096423, 2002 WL 120818, at *3-4 (Cal. Ct. App. Jan. 30, 2002) (university admission decisions are routine functions that cannot be basis of intentional infliction of emotional distress claim); *Steshenko v. Albee*, 70 F.Supp.3d 1002, 1017

---

[4] Under California law, to state a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883 (1989).

10

(N.D. Cal. 2014). Finally, Plaintiff states in a conclusory manner that he suffered severe emotional distress, but that is insufficient. He must "allege facts that demonstrate he suffered 'emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it.'" *Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1191-92 (S.D. Cal. 2010) (quoting *Kiseksey v. Carpenters' Trust for So. Cal.*, 144 Cal.App.3d 222, 231 (1983)).

Accordingly, Plaintiff is ordered to show cause why Plaintiff's Eighth, Twenty-Second, Twenty-Fourth, and Twenty-Eighth causes of action should not be dismissed.

I. <u>Plaintiff's Claims for Conspiracy to Tortiously Interfere With the Lawful Processes of the Court</u>

Plaintiff alleges a variety of claims against several Defendants variously styled as claims for "conspiracy to tortiously interfere with the lawful processes of the court" as the Seventh, Twenty-First, Twenty-Third, and Twenty-Seventh Causes of Action. As above, the Court will not retain jurisdiction over pendant state law claims if it dismisses all federal claims. *See Jones*, 733 F.2d at 651. However, even if it were to have jurisdiction, the Court intends to dismiss for failure to state a claim under Rule 12(b)(6). There is no tort for interference with lawful court processes. Plaintiff has thus failed to state a claim. Because there is no tort for tortious interference with legal processes, there can be no civil conspiracy premised on commission of such a tort. *See Berg & Berg Enter., LLC v. Sherwood Partners, Inc.*, 131 Cal.App.4th 802, 823 (2005) ("Civil conspiracy is not an independent tort. Rather, it is a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." (citations and quotations omitted)).

Further, even if there were such a tort, Plaintiff fails to meet the minimal pleading requirements to allege a civil conspiracy. "[T]o maintain an action for conspiracy, a plaintiff must allege that the defendant had knowledge of and agreed to both the objective and the course of action that resulted in the injury, that there was a wrongful act committed pursuant to that agreement, and that there was resulting damage." *Id.* (citation omitted). As above, Plaintiff has made only conclusory allegations of a conspiracy, without alleging facts that would allow the

11

Court to plausibly infer that any of the Defendants entered into any agreements with one another or that they knew of the objectives of and the course of actions that resulted in any purported injuries to plaintiff.

Liberally construing Plaintiff's complaint, perhaps he intends to plead a tort for *abuse* of process, which involves "[t]he use of the machinery of the legal system for an ulterior motive." *Trear v. Sills*, 69 Cal.App.4th 1341, 1359 (1991). To plead such a claim, "a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner." *Coleman v. Gulf Ins. Grp.*, 41 Cal.3d 782, 792 (1986). Plaintiff fails to state such a claim. He has not alleged, with specificity, what "willful act" was committed by a "wrongful manner" in the context of a legal proceeding by any non-judicial defendant. Because he fails to plead this essential element, his conspiracy claims for the same tort would also fail.

Accordingly, Plaintiff is ordered to show cause why the Seventh, Twenty-First, Twenty-Third, and Twenty-Seventh Causes of Action should not be dismissed.

J.  Conclusion

In sum, for the reasons stated, Plaintiff is ordered to show cause why the following claims should not be dismissed:

(1) <u>Claims Covered By Pre-Filing Order</u>: First, Ninth, Twelfth, Sixteenth, Seventeenth, Nineteenth and Twenty-Fifth Causes of Action for Failure to Comply With Pre-Filing Order

(2) <u>Claims Barred By Judicial Immunity</u>: First, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-Fifth, and Twenty-Sixth Causes of Action

(3) <u>Claims Against USA</u>: Sixth Cause of Action

(4) <u>Federal Wiretap Act and Related Intentional Infliction of Emotional Distress Claims</u>: Second and Third Causes of Action

(5) <u>Dodd-Frank Act</u>: Fourth Cause of Action

(6) <u>RICO Act Claim</u>: Fifth Cause of Action

(7) <u>Receivership Claim</u>: Sixth Cause of Action

(8) <u>Intentional Infliction of Emotional Distress Claims</u>: Eighth, Twenty-Second, Twenty-Fourth, and Twenty-Eighth Causes of Action

(9) <u>Conspiracy to Tortiously Interfere With Lawful Process</u>: Seventh, Twenty-First, Twenty-Third, and Twenty-Seventh Causes of Action

Plaintiff's response to this order shall be filed by **September 29, 2017** and will be heard concurrently with Defendant Cantil-Sakauye's motion to dismiss on **October 26, 2017 at 1:30 p.m**.

**IT IS SO ORDERED**.

Dated: September 15, 2017

_____
EDWARD M. CHEN
United States District Judge