UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 17-cv-04360-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Docket No. 19 |

Plaintiff Daniel Dydzak moves under 28 U.S.C. § 455 to disqualify the undersigned for "fail[ing] to disclose actual biases and conflicts of interest, or the appearance of same." Docket No. 19 at 3. The Court **DENIES** the motion for the reasons stated herein.[1]

A.  Legal Standard

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is required "if an objectively reasonable person informed of the facts would conclude that the judge's impartiality might reasonably be questioned were the judge to continue to hear the case." *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992). The party seeking recusal "bears the burden of proving facts which justify recusal[.]" *Id.*

Disqualification is required if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Bias is "personal" if it stems from "a source outside the judicial proceeding at hand," with limited exceptions where, for example, an event during proceedings "produce[s]

---

[1] Dydzak did not notice his motion for a hearing or otherwise request one. In any case, this motion is appropriate for resolution without oral argument. *See* Local Rule 7-1(b).

unsuppressible judicial animosity." *Liteky v. U.S.*, 510 U.S. 540, 545 (1994). The "bias" must be "somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . ., or because it is excessive in degree . . . ." *Id.* at 550 (emphasis in original). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555.

Finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re U.S.*, 441 F.3d 44, 67 (1st Cir. 2006); *see also U.S. v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000) ("[J]udges are not to recuse themselves lightly under § 455(a)").

B.  Discussion

   1.  This Court Will Decide the Motion

Dydzak contends that his motion should be referred to Chief Justice John Roberts to designate the proper reviewing authority in consultation with Chief Judge Phyllis J. Hamilton. Motion at 9. There is no need for such a drastic measure because the law is clear: under Section 455, "[t]he [disqualification] motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

Further, the Court observes that this is not the first occasion on which Dydzak has sought to disqualify, or has sued, a federal judge after an unfavorable order. *See* Docket No. 14 (summarizing Dydzak's prior litigation against federal judges and designation as vexatious litigant by Central District of California). In light of this pattern, judicial economy counsels in favor of the undersigned resolving the motion, absent some sign that the motion has objective merit. *See Glick v. Edwards*, 803 F.3d 505, 509 (9th Cir. 2005) (explaining that courts are not required "to acquiesce to the extraordinary demands of vexatious litigants" such as re-assigning a case out-of-district, and holding that recusal was not required where all district judges, including the presiding judge, were named as defendants).

Accordingly, the Court will review the motion.

2. <u>Basis of Motion to Disqualify</u>

Dydzak does not assert any grounds sufficient to require recusal. He alleges that the undersigned allegedly has bank accounts with Bank of America, who allegedly is one of Defendant Charles Schwab's attorney's main clients. Mot. at 4. Bank of America is not a party to this case, so its legal rights and financial interests are not at stake. Moreover, a bank account is not the same as an ownership interest; the holder of an account does not stand to profit or lose based on the Bank's fortunes as a shareholder or owner conceivably might. In these circumstances, an "objectively reasonable person[] informed of the facts" would not conclude that the undersigned's impartiality "might reasonably be questioned." *Denardo*, 974 F.2d at 1201.

Dydzak also claims that the undersigned "has a pro-bank bias and pro-investment advisor bias" by allegedly possessing "numerous bank stocks and securities in his financial portfolio." Motion at 4. Dydzak has not identified any particular stock or security that he believes creates an appearance of conflict, and this Court is aware of none. It is unreasonable to assume that merely having bank accounts in one's financial portfolio creates a general "pro-bank" or "pro-investment advisor" bias.

Defendant claims that an appearance of bias is created due to the undersigned's alleged and unspecified "interact[ions]" with other judges, who are defendants, at a 2013 bar association event, Mot. at 4, and because the undersigned allegedly has "deep, personal relationships and friendships with material witnesses and many Defendants." Mot. at 6. These and similar allegations are conclusory and completely without basis. Moreover, these conclusory allegations, even if true, would not lead a reasonable person to question the undersigned's impartiality. *See Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1295-96 (5th Cir. 1990) (recusal not required based on alleged lifelong friendship with opposing counsel and opposing counsel's father); *U.S. v. Pitera*, 5 F.3d 624, 626 (2d Cir. 1993) (judge was not required to recuse herself from criminal case based on lecture to law enforcement group that included advice how to increase convictions in narcotics cases); c*f. U.S. v. Payne*, 944 F.2d 1458, 1476-77 (9th Cir. 1991) (district judge's prior service on Attorney General Commission on Pornography did not require recusal where the Commission "in no way focused on this particular case or even on the type of

3

1 conduct charged in the case").

2 Dydzak also alleges, without evidentiary support, that the undersigned is purportedly beholden to defendants who "sit[] on selection committees to pick judges on the Ninth Circuit" or who were purportedly "active[ly] involve[d] in promoting [the undersigned]" to a judgeship. Mot. at 4-5. This allegation is baseless and does not require recusal. *See Hagans v. Andrus*, 651 F.2d 622, 628 (9th Cir. 1981) (holding that allegation that "district judge was seeking a position on [appellate] court and was therefore influenced by 'judicial politics'" was "frivolous"); *United States v. Gordon*, 974 F.2d 1110, 1114 (9th Cir. 1992) (judge not required to recuse himself where defendant was charged with making criminal threats against the same president who appointed him), *overruled on other grounds by U.S. v. Gordon*, 974 F.2d 1110 (9th Cir. 1992); *cf. Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) (recusal not required where party sent a letter opposing judge's nomination and party "present[s] no evidence that his letter had any effect on the nomination process or on [judge's] attitude towards him").

The rest of Dydzak's speculative and far-fetched accusations either arise from his objections to the Court's order to show cause why his claims should not be dismissed, or allegations that the undersigned is "biased" based on decisions in other cases. These are not valid grounds for recusal. *See Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) ("Unfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis.") (citations omitted); *Hagans*, 651 F.2d at 628 ("It is not a ground for disqualification that the judge has ruled against the moving party or that he may have committed an error of law.").

///
///
///
///
///
///
///
///

4

C. <u>Conclusion</u>

Because Dydzak has failed to identify any basis on which a reasonable person might question the Court's impartiality, his motion is **DENIED.**

This order disposes of Docket No. 19.

**IT IS SO ORDERED**.

Dated: October 6, 2017

_____
EDWARD M. CHEN
United States District Judge