UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 17-cv-04360-EMC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR DISQUALIFICATION**<br><br>Docket No. 31 |

Plaintiff Daniel Dydzak has filed his second motion for disqualification pursuant to 28 U.S.C. § 488. He claims that disqualification is required because the Court improperly ruled on his first motion rather than refer it to another judge under Local Civil Rule 3-14. In fact, that rule applies only to disqualification motions under 28 U.S.C. § 144, not to § 488 motions like Plaintiff's. Further, even if Plaintiff had filed a motion pursuant to 28 U.S.C. § 144 rather than § 488, the local rule only requires referral when "the Judge has . . . found that the affidavit is neither legally insufficient nor interposed for delay." Civ. L.R. 3-14; *see also U.S. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (the judge against whom an affidavit is filed under § 144 "may pass on its legal sufficiency" and "[o]nly after the legal sufficiency . . . is determined does it become the duty of the judge to 'proceed no further' in the case"). Plaintiff's initial motion, like the present one, is legally insufficient to require referral to another judge for the same reasons stated in the Court's prior order. *See United States v. Merkt*, 794 F.2d 950, 960, n. 9 (5th Cir. 1986) (for an affidavit to be legally sufficient, "(1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that bias exists; and (3) the facts must show that the bias is personal, rather than judicial, in nature"); *Grimes v. U.S.*, 396 F.2d 331, 333 (9th Cir. 1968) (question is whether "facts are asserted from

which a reasonable mind may fairly infer personal bias or prejudice against [party]"). The judge's inquiry "is addressed to the facial sufficiency of the affidavit not to the truth or falsity of the facts stated therein." *Azhocar*, 581 F.2d at 738.

Nearly all of the bases Plaintiff presents in this motion are not meaningfully distinguishable from those brought in his first motion. A reasonable person would not conclude that the timing of the Court's Order to Show Cause suggests that the Court had ex parte communications with any Defendants. Nor would a reasonable person conclude that the undersigned's alleged attendance at an Asian American Bar Association holiday event where Defendant Cantil-Sakauye allegedly gave a speech would suggest a personal bias in her favor in this case involving totally unrelated allegations. Finally, Plaintiff's opinions or subjective feelings do not require recusal. *See Sivan v. Hardison*, 658 F.3d 898, 926 (9th Cir. 2011) ("[R]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters do not form the basis of a successful recusal motion." (quotations and citations omitted)).

The only new issue Plaintiff raises is that his calls to the Northern District of California and Ninth Circuit have allegedly been blocked. Motion at 7. Plaintiff's allegations mostly relate to other judges, court personnel, or individuals. They relate to the undersigned only insofar as Plaintiff alleges the blocking "could not have happened without the involvement and knowledge of Judge Chen and Chief Judge Hamilton," that the undersigned is "complicit" with the "unlawful activity of blocking and condoning the wiretapping of DYDZAK's phone," that the undersigned is "aware" that other individuals are engaged in such actions, or that the undersigned "allow[ed] and condone[d] the blocking of [Plaintiff's] phone." *Id.* at 7-8. He calls this "participation and acquiescence" a "mandatory" basis for disqualification. *Id.* As a preliminary matter, these allegations are made in Plaintiff's motion, not in a sworn affidavit as required by the statute. 28 U.S.C. § 144. The allegation therefore is legally insufficient on its face. Even if the allegations had been made in an affidavit, however, they would be insufficient. For the purpose of assessing the legal sufficiency of an affidavit under § 144, the Court must assume the allegations are true and then proceed to determine whether "a reasonable mind may fairly infer personal bias or prejudice against [Plaintiff]" from them. *Grimes*, 396 F.2d at 333. However, "[d]etail of 'definite

time and place and character' are an absolute necessity to prevent the abusive use of the [recusal] statute." *Id*. *See also City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980) ("Assertions merely of a conclusionary nature are not enough nor are opinions or rumors."). To the extent Plaintiff merely states that the undersigned was "involve[d]" in the alleged phone blocking, the assertion is conclusory without any detail about the nature of such involvement. To the extent Plaintiff alleges that the undersigned was merely aware of or permitted the blocking of his phone calls after he filed the present litigation, his allegations are insufficient to support an inference that the bias is "personal, rather than judicial, in nature." *Merkt*, 794 F.2d at 960, n. 9; *see also King v. U.S. Dist. Court for Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994) (the purported bias must "stem[] from an extrajudicial source, and not from a judge's conduct or rulings during the course of judicial proceedings"). Plaintiff does not, for example, allege that the undersigned personally requested or ordered the blocking of his phone calls outside of a judicial function. The affidavit therefore is legally insufficient to require referral of the motion to another judge to review the evidentiary basis, if any, for Plaintiff's request.

For these reasons, Plaintiff's motion is **DENIED**.

This order disposes of Docket No. 31.

**IT IS SO ORDERED**.

Dated: October 17, 2017

_____
EDWARD M. CHEN
United States District Judge