UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL D. DYDZAK,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Case No. 17-cv-04360-EMC

**ORDER DENYING PLAINTIFF'S THIRD MOTION TO DISQUALIFY AND RECUSING *SUA SPONTE***

Docket No. 40

       After the Court dismissed Plaintiff's claims and ordered him to show cause why he should not be designated a vexatious litigant, Plaintiff filed his third motion to disqualify the undersigned under 28 U.S.C. § 144 and 28 U.S.C. § 455. *See* Docket Nos. 19, 31. The Court denied the first and second motions. *See* Docket Nos. 24, 32. Plaintiff repeats arguments he has already made and which the Court has already addressed with respect to alleged financial interests in Bank of America and alleged personal or professional connections with defendant judges. His motion on those grounds is denied for the same reasons previously stated. The Court here addresses only those claims that have not been raised previously and **DENIES** Plaintiff's motion for the reasons stated below. However, Defendant has now filed a new lawsuit against the undersigned. As explained below, the Court will exercise its discretion to recuse itself *sua sponte*.

A.    <u>New Grounds Asserted for Disqualification</u>

       First, Plaintiff claims that "[a]t the hearing on October 26, 2017, Judge Edward M. Chen admitted that he had personal knowledge of material facts and evidence in the litigation, such as the blocking of my cell phone until recently to his court room and the Clerk's office in San Francisco and the blocking of my cell phone to the Clerk's office of the 9th Circuit Court of Appeals." Dydzak Decl. ¶ 5.

Second, Plaintiff claims that this Court's refusal to disqualify itself at the October 26, 2017 hearing, its refusal to stay the matter pending the Ninth Circuit's review of his appeal of the denial of disqualification, its refusal to continue the motion to dismiss and order to show cause why the case be dismissed, and its contemplation of an order to show cause why he should not be designated a vexatious litigant also constitute grounds for disqualification. These claims are made in his motion, not his affidavit.

Third, Plaintiff claims that this Court's alleged demeanor, including allegedly raising its voice at Plaintiff during the October 26, 2017 hearing, constitutes a basis for disqualification. This claim is raised in his motion, not his affidavit.

Fourth, Plaintiff claims that the Court refused a media request or issuance of an audio recording.

B.    Analysis of Motion to Disqualify

Two statutes govern recusal of judges: 28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiff has invoked both. The Court analyzes each in turn.

1.    Section 144 Disqualification

Section 144 requires recusal when "a party . . . files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The presiding judge may only review the legal sufficiency of the supporting affidavit, and must accept the truth of all factual allegations for that purpose. If the Court finds that the affidavit "is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge." Local Civ. R. 3-14.

Section 144 also imposes certain procedural requirements. An affidavit filed under § 144 must be "timely." 28 U.S.C. § 144. Insofar as Plaintiff repeats grounds for disqualification previously raised or asserts grounds that arose prior to the October 26, 2017 hearing, those grounds are not timely because they were not raised "promptly after the movant learn[ed] of the basis for disqualification." *United States v. Betts-Gaston*, 860 F.3d 525, 538 (7th Cir. 2017). The timeliness requirement prevents "increased instances of wasted judicial time and resources and a

2

heightened risk that litigants would use recusal motions for strategic purposes." *See Preston v. U.S.*, 923 F.2d 731 (9th Cir. 1991). In light of the timing of this motion—after Plaintiff's claims have been dismissed and after the Court issued an order to show cause why he should not be designated vexatious and subjected to additional pre-filing limitations—these concerns are amplified.

Section 144 also provides that "[a] party may file only one such affidavit [asserting bias or prejudice] in any case." 28 U.S.C. § 144.[1] Regardless of whether this third affidavit raises meritorious grounds, the Court is required to deny it under Section 144. *See*, *e.g.*, *U.S. v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970) ("Even if the second affidavit had stated sufficient facts [to support belief that bias or prejudice exists], however, the trial court would properly have refused to recuse himself since the statute permits the filing of only one affidavit in any case."); *U.S. v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967) ("In plain and unequivocal language the statute permits only one affidavit of bias and prejudice to be filed by a party in a case.").

Plaintiff has also violated Local Civil Rule 3-14. Rule 3-14 provides that if the affidavit "is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge." Local Civ. R. 3-14. Plaintiff's non-compliance with the single affidavit rule makes the request "legally insufficient" and therefore the Court is not obligated to transfer it to another judge for consideration.

Plaintiff has also not complied with Local Civil Rule 3-14 because his motion was "interposed for delay" – (i) it was filed after the Court dismissed all his claims and announced its intention to consider whether he should be designated a vexatious litigant and subjected to pre-filing restrictions; (ii) Mr. Dydzak has already filed two disqualification motions in this Court; and (iii) Mr. Dydzak has a pattern of filing disqualification motions in other cases after unfavorable rulings from the presiding judges. Mr. Dydzak's primary purpose appears to be to stall the vexatious litigant proceeding commenced by the Court. *See* Docket No. 37.

---

[1] The statute also requires an affidavit to be "accompanied by a certificate of counsel of record stating that it is made in good faith," 28 U.S.C. § 144, but since Plaintiff is *pro se*, this requirement does not appear to apply.

Finally, for reasons stated below, the affidavit is legally insufficient because it would not cause a reasonable person to believe the Court has a "personal bias or prejudice" against him.

Plaintiff's motion under Section 144 therefore is **DENIED**. The Court need not refer this motion to another judge.

> 2. <u>Disqualification Under Section 455</u>

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is also required when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Under Section 455, "[t]he [disqualification] motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

Bias is "personal" if it stems from "a source outside the judicial proceeding at hand," with limited exceptions where, for example, an event during proceedings "produce[s] unsuppressible judicial animosity." *Liteky v. U.S.*, 510 U.S. 540, 545 (1994). The "bias" must be "somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . ., or because it is excessive in degree . . . ." *Id.* at 550 (emphasis in original). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Further, the claims of bias are to be judged according to whether "an objectively reasonable person informed of the facts would conclude that the judge's impartiality might reasonably be questioned were the judge to continue to hear the case." *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992). The party seeking recusal "bears the burden of proving facts which justify recusal[.]" *Id.* Importantly, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re U.S.*, 441 F.3d 44, 67 (1st Cir. 2006); *see also U.S. v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000) ("[J]udges are not to recuse themselves lightly under § 455(a)").

Plaintiff here asserts that the Court's alleged "personal knowledge of material facts and

evidence in the litigation" regarding the blocking of his cellphone calls to the Ninth Circuit and

Northern District of California requires recusal. Dydzak Decl. ¶ 5. At the hearing, the Court

explained to Mr. Dydzak that, after receiving a letter from him in which he claimed that his

cellphone calls to this Court's Courtroom Deputy had been blocked and in which he requested an

"administrative inquiry,"[2] the Court inquired with the Administrative Office of the U.S. Courts

(AO), which administers this Court's phone systems, to determine whether his calls were in fact

blocked. The AO confirmed that his number had been screened, but not at the request of this

Court. Rather, the Central District of California had requested Mr. Dydzak's cellphone number be

blocked to that court. Due to a technical issue, that request caused Mr. Dydzak's cellphone calls

to be blocked to this Court as well because it utilizes the same telephone system. Upon learning

that information, the Court requested that Mr. Dydzak's calls to this Court be unblocked, as no

judge of the Northern District of California appears to have ordered such a block.[3] Thus, at this

time, Mr. Dydzak's calls to the Northern District of California are not blocked.

      The Court's inquiry with the Administrative Office, undertaken at Mr. Dydzak's request,

does not require recusal. The information is not a "material fact" because Mr. Dydzak did not

bring any claims in this case regarding the blocking of his calls to the Northern District of

California, so whether or how such blocking occurred is immaterial to the merits issues in this

case. Moreover, to constitute "personal bias or prejudice" the bias "must be from an extrajudicial

source, and not solely from information gained in the course of the proceedings." *Matter of*

*Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984). The Court acquired that information

in the course of these proceedings and at Plaintiff's request. Thus, it does not come from an

"extrajudicial" source. But even if it had, it would not require recusal because the alleged bias or

---

[2] *See* Docket No. 25 at 17 (Ex. 4) ("I further want to bring to both of your attention that my cell phone, ###-###-####, is being unlawfully blocked from making phone calls to the Clerk's Office in San Francisco, Judge Chen's Clerk, Judge Chen's Docketing Clerk and Judge Hamilton's Clerk. This happened yesterday and on other occasions since the lawsuit was initiated. Judge Hamilton, you should make an administrative inquiry why this is happening.").

[3] Notably, the mere blocking of Mr. Dydzak's phone calls did not otherwise impede his ability to reach the Clerk's Office or this Court, including by e-mailing the Courtroom Deputy, sending multiple letters to the Clerk's Office, or entering multiple filings onto the docket. Further, he could have used any other telephone to contact the Clerk or Courtroom Deputy.

prejudice must "result in an opinion *on the merits* on some basis other than what the judge learned from his participation in the case." *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (emphasis added). As explained, Mr. Dydzak did not bring any claims in this case regarding the blocking of his calls to the Northern District of California, so no opinion on the merits could have resulted. Accordingly, the Court's inquiry with the Administrative Office is not a basis for disqualification.

As for Mr. Dydzak's allegations that the Court became aware of "material facts" regarding the Ninth Circuit's alleged blocking of his calls, Mr. Dydzak does not specifically identify what facts the Court allegedly learned, referring only to the Court's comments at the October 26, 2017 hearing. At the hearing, the Court referred to the Ninth Circuit's order prohibiting Mr. Dydzak from communicating with that court in any manner other than in writing. *See Dydzak v. Alexander*, No. 16-55813, Docket No. 9 (9th Cir. Jan. 17, 2017) ("Appellant Daniel David Dydzak is prohibited from communicating with this court except communication in writing."). The Ninth Circuit's order is public and subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court's awareness of that order provides no basis for disqualification.

Mr. Dydzak claims that disqualification is also supported by several of this Court's orders, including its refusal to disqualify itself or stay proceedings at the October 26, 2017 hearing. These are not a proper basis for disqualification. *Matter of Beverly Hills Bancorp*, 752 F.2d at 1341 ("Unfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis.") (citations omitted); *Hagans v. Andrus*, 651 F.2d 622, 628 (9th Cir. 1981) ("It is not a ground for disqualification that the judge has ruled against the moving party or that he may have committed an error of law.").

The same principle applies to Mr. Dydzak's allegations that the Court improperly refused to permit a journalist to record the proceedings. Only the Chief Judge may permit such requests. *See* Northern District of California General Order No. 58, Paragraph IV(B) ("Photography and video and audio recording are prohibited in the common areas of the courthouse . . . as well as in the courtrooms. . . . Exceptions to these prohibitions may be authorized only be express written permission of the Chief Judge."). Moreover, as the minutes of the October 26, 2017 hearing

United States District Court
For the Northern District of California

indicate, the proceedings were recorded by a court reporter, not through the Court's audio system, so no audio recording exists. *See* Docket No. 34; *see also* Transcripts/Court Reporters, available at https://www.cand.uscourts.gov/transcripts#FINDING (hearing minutes indicate whether proceeding was recorded on audio or by court reporter).

Mr. Dydzak also claims this Court exhibited bias or prejudice by allegedly raising its voice at him during the hearing, but that is not grounds for disqualification either. *See, e.g.*, *United States v. McChesney*, 871 F.3d 801, 808 (9th Cir. 2017) ("Although the district court at times showed some wry impatience at [party's] requests, jocular comments are no basis for recusal.").

Because the facts alleged do not require recusal under either § 144 or § 455, Mr. Dydzak's motion is **DENIED**.

C.     Recusal *Sua Sponte*

The Court has learned that on November 29, 2017, Plaintiff filed a new lawsuit in this district naming the undersigned as a defendant. *See Dydzak v. Chen et al.*, Case No. 17-cv-6843 (N.D. Cal.). That fact alone does not require recusal. *See U.S. v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him[.]"). The Court is also mindful of the principle that judges should not recuse themselves lightly to avoid needlessly burdening the judicial system. *Hinman*, 831 F.2d at 939; *In re U.S.*, 441 F.3d at 67. Nevertheless, here, recusal would not needlessly burden the judicial system because all merits issues in this case have been resolved – Plaintiff's claims have all been dismissed. *See* Docket No. 35. Only the Court's order to show cause why Plaintiff should not be declared a vexatious litigant and prohibited from initiating further, similar litigation without prior authorization remains pending. *See* Docket No. 37. Plaintiff was required to file a response to that order by November 30, 2017, but failed to do so. *Id.*

In light of these considerations and Defendant's new lawsuit, the Court hereby recuses itself from this matter *sua sponte*. The Clerk of the Court is **ORDERED** to re-assign this case to

///

///

///

7

1   another judge of this district to determine whether he should be declared a vexatious litigant and

2   subject to pre-filing restrictions in light of this Court's order to show cause, Docket No. 37, to

3   which Plaintiff has failed to reply.

4       This order disposes of Docket No. 40.

5

6       **IT IS SO ORDERED**.

7

8   Dated: December 14, 2017

9   _____

10      EDWARD M. CHEN
        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28