IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04360 MMC<br>Case No. 17-cv-06843-MMC<br><br>**ORDER FINDING NO BASIS FOR DISQUALIFICATION** |
| DANIEL D. DYDZAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD M. CHEN, et al.,<br><br>　　　　Defendants. | |

Before the Court is plaintiff Daniel D. Dydzak's request, filed March 15, 2018, by which said plaintiff asks the Court to "Disqualify Herself as Federal Judge on This Pending Litigation on Her Own Motion" (hereinafter, "Request"). Having read and considered the Request, the Court rules as follows.[1]

**BACKGROUND**

Presently pending before the undersigned are two cases filed by plaintiff. Although plaintiff's Request was filed in only one of the two cases, the Court has considered the matters raised therein to the extent applicable to both.

The Court next summarizes the procedural history of the two cases.

---

[1] The Court is also in receipt of and has considered a letter from plaintiff, filed March 16, 2018, in which he reiterates his request for disqualification.

**A. Dydzak v. United States, et al., Case No. C-17-4360 ("Dydzak I")**

On August 1, 2017, plaintiff filed Dydzak I, in which he named the following twenty-six defendants: the United States of America, the Chief Justice of the California Supreme Court, the former Chief Justice of the California Supreme Court, the Chief Judge of the Ninth Circuit Court of Appeals, three judges of the Ninth Circuit Court of Appeals, two district judges of the Northern District of California, four district judges of the Central District of California, a district judge for the District of Columbia, a district judge for the Western District of Washington, a district judge for the Eastern District of California, the Clerk of the Ninth Circuit Court of Appeals, the Clerk of the Central District of California, three attorneys in private practice, the husband of a district court judge, a management consulting firm, a bank, a holding company, and financial executive Charles Schwab.

The complaint consisted of twenty-eight causes of action, which, in general, challenged adverse judicial rulings plaintiff received in various cases he previously had filed. (See, e.g., Dydzak I Compl. ¶ 65 (alleging state and federal judges, after assertedly receiving "favorable financial treatment" from Charles Schwab, issued "rulings and judgments adverse to [plaintiff]"); ¶ 162 (alleging decision issued by Ninth Circuit panel was improper because one of judges had "a pro-government bias against [plaintiff]").)

The matter was assigned to United States District Judge Edward M. Chen, who, on September 15, 2017, directed plaintiff to show cause why the complaint should not be dismissed. Specifically, Judge Chen directed plaintiff to show cause why (1) specified claims should not be dismissed for failure to comply with a vexatious litigant order issued by the Central District of California and affirmed by the Ninth Circuit, (2) his claims against judges and clerks of court were not barred by, respectively, judicial immunity and quasi-judicial immunity, (3) his claims against the United States were not barred by sovereign immunity, and (4) his claims otherwise failed to state any claim upon which relief could be granted.

On September 25, 2017, plaintiff filed a motion to disqualify Judge Chen, the asserted grounds being that (1) Judge Chen had bank accounts with a non-party bank

that had been a client of Charles Schwab, (2) two named defendants had "involvement in promoting him" to the position of district judge (see Doc. No. 19 at 5:1-4), (3) he had attended legal conferences and other law-related events where he interacted with some of the judges named as defendants and with other judges who, according to plaintiff, were potential witnesses, (4) he had issued rulings adverse to plaintiff in the case, and (5) he had issued, in cases in which plaintiff was not a party, rulings with which plaintiff did not agree. By order filed October 6, 2017, Judge Chen denied the motion to disqualify, finding no cognizable basis for disqualification had been shown.

On October 13, 2017, plaintiff filed a second motion to disqualify Judge Chen, the asserted grounds being (1) Judge Chen had attended conferences and events in addition to those identified in the first motion, at which time he interacted with certain of the named judicial defendants and with others who, according to plaintiff, were potential witnesses, and (2) he was responsible for the blocking of plaintiff's telephone calls to the Northern District. By order filed October 17, 2017, Judge Chen denied the second motion to disqualify, finding the first of the above-referenced grounds was not a cognizable basis for disqualification and that second ground was not supported by an affidavit and was wholly lacking in specificity.

On October 26, 2017, Judge Chen conducted a hearing on the above-referenced order to show cause why the action should not be dismissed, as well as on a motion to dismiss that had been filed by one of the defendants. On October 31, 2017, Judge Chen issued an order dismissing the complaint in its entirety, and the Clerk of Court closed the file. That same date, Judge Chen issued an order directing plaintiff to show cause (hereinafter, "OSC"), no later than November 30, 2017, why he should not be declared a vexatious litigant.

On November 13, 2017, plaintiff filed a third motion to disqualify Judge Chen, repeating some of the assertions made in his prior motions to disqualify and, in addition, challenging the manner in which the October 26 hearing had been conducted. By order filed December 14, 2017, Judge Chen denied plaintiff's third motion to disqualify, finding

3

the motion was made for purposes of delaying resolution of the vexatious litigant issue, lacked a supporting affidavit, and failed to identify any cognizable basis for disqualification. Lastly, in that same order, Judge Chen stated he had become aware that he had been named as a defendant in a new action filed by plaintiff. Although Judge Chen found such circumstance did not require recusal, he nonetheless sua sponte recused himself, noting that, with the exception of the vexatious litigant issue, all proceedings in the case had concluded and, consequently, reassignment would not constitute a needless burden on the district court.

Thereafter, the matter was reassigned to United States District Judge William H. Orrick III. On January 8, 2018, Judge Orrick, noting plaintiff had not responded to the OSC, sua sponte extended, to January 29, 2018, the deadline for plaintiff to file a response. On January 26, 2018, plaintiff filed a motion to disqualify Judge Orrick, and, on February 7, 2018, Judge Orrick recused himself.[2]

On February 8, 2018, the matter was reassigned to the undersigned.

**B. Dydzak v. Chen, et al., Case No. 17-6843 ("Dydzak II")**

On November 29, 2017, the day before plaintiff's initial deadline to respond to the OSC in Dydzak I, plaintiff filed Dydzak II. In his new action, plaintiff names the following thirty-seven defendants: the Chief Justice of the California Supreme Court, the former Chief Justice of the California Supreme Court, the Chief Judge of the Ninth Circuit Court of Appeals, eleven judges of the Ninth Circuit Court of Appeals, an Appellate Commissioner of the Ninth Circuit Court of Appeals, four district judges of the Northern District of California, including Judge Chen, five district judges of the Central District of California, the Clerk of the Ninth Circuit Court of Appeals, the husband of a Ninth Circuit judge, the husband of a district court judge, the State Bar of California, four attorneys in private practice, a bank, a holding company, a Special Agent of the Federal Bureau of Investigation, a former deputy sheriff of the Los Angeles Sheriff's Department, and

---

[2] The record does not indicate the basis for the recusal.

4

Charles Schwab.[3]

The complaint consists of eleven causes of action, in which plaintiff's claims are, again, based in general on the theory that he is entitled to relief because, according to plaintiff, adverse judicial rulings he received were improper. (See, e.g., Dydzak II Compl. ¶ 75 (challenging Judge Chen's orders denying plaintiff's motions to disqualify); ¶162 (alleging plaintiff had been denied "fair and impartial judicial proceedings" by specified Ninth Circuit judges).)

As in Dydzak I, the complaint also names as defendants Does 1 through 10, each of whom, according to plaintiff, "participated or acted in concert with the other named [d]efendants, and each of them" and is "liable in some manner" for the acts alleged. (See Dydzak I Compl. ¶ 30; Dydzak Compl. II ¶ 39). On December 14, 2017, the matter was assigned to United States District Judge Richard Seeborg. Less than three weeks later, plaintiff, on January 2, 2018, filed a notice, purporting to have "discovered" that "the true identity and name" of "Doe 1" is Judge Seeborg. Thereafter, on January 25, 2018, plaintiff filed another notice, in this instance purporting to have "discovered" that "the true identity and name" of "Doe 2" is Judge Orrick; the notice was filed four days before the deadline to show cause set by Judge Orrick in Dydzak I. On February 12, 2018, four days after Dydzak I had been reassigned to the undersigned, plaintiff filed a third notice, this time purporting to have "discovered" that "the true identity and name" of "Doe 3" is the undersigned.

On February 13, 2018, the Court granted defendant State Bar of California's request for an order finding Dydzak I and Dydzak II are related cases within the meaning of Civil Local Rule 3-12(a).[4] Thereafter, the Clerk of Court reassigned Dydzak II to the undersigned.

---

[3]Sixteen of the above defendants were named as well in Dydzak I.

[4]At the time of such ruling, the Court was unaware of plaintiff's notice substituting the undersigned for "Doe 3," as the notice was entered on the docket by the Clerk of Court on February 14, 2018, the day after the Court issued its order.

5

**DISCUSSION**

In his Request, plaintiff argues disqualification is proper in light of the substitution of the undersigned for a "Doe" defendant in Dydzak II.[5] The Court considers whether disqualification is warranted in light of such substitution.[6]

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," see 28 U.S.C. § 455(a), as well as where the judge is "a party to the proceeding," see 28 U.S.C. § 455(b)(5)(i). "A judge is not disqualified," however, "merely because a litigant sues or threatens to sue him." See Ronwin v. State Bar of Arizona, 686 F.2d 692, 701 (9th Cir. 1981) (internal quotation, citation, and alteration omitted) (stating, "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed"); see also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (holding "[a] judge is not disqualified by a litigant's suit or threatened suit against him"). The Ninth Circuit has applied this principle both in cases in which the litigant named the assigned judge as a defendant in another case, see, e.g., Studley, 783 F.2d at 940; Ronwin, 686 F.2d at 701, and in cases in which the assigned judge is named in the case pending before him, see, e.g., Gabor v. Seligmann, 222 Fed. Appx. 577, 578 (9th Cir. 2007).

In such cases, district courts have found disqualification is not warranted where the plaintiff's allegations against the sued judge pertained to prior rulings in the case, see, e.g., Springer v. Hunt, 2017 WL 3380675, at *2-4 (D. Haw. August 4, 2017) (finding no basis to recuse, where, after adverse ruling, plaintiff added assigned judge as defendant),

---

[5]In the Request, plaintiff also asserts, without explanation, that the Court should consider whether disqualification is appropriate on the additional grounds that the Court "was not properly assigned to the case, and has 'senior' status, a jurisdictional bar." (See Request at 2:8-9.) As plaintiff has not identified any impropriety as to the assignment and there is no authority jurisdictionally barring senior district judges from hearing cases, disqualification is not warranted on those grounds.

[6]To the extent plaintiff, in his Request, also asks the Court to stay the case in light of "settlement discussions with certain defendants" and an "offer" he made to one of the defendants (see Request at 2:24-25), the Court having considered the asserted grounds therefor, the proposed stay is hereby DENIED.

and where the plaintiff has made no specific allegations against the assigned judge, see, e.g., Sharp v. Montana, 2014 WL 824820, at *5 and n.1 (D. Mont. March 3, 2014) (finding no basis for disqualification where plaintiffs added assigned judge as defendant and made "no specific allegations" against him). Here, the Dydzak II complaint includes no factual allegations against the undersigned, only the wholly conclusory assertion that "Doe 3" has "participated or acted in concert with the other named [d]efendants, and each of them" and is "liable in some manner." (See Dydzak II Compl. ¶ 39).

Moreover, where a party files a lawsuit against a judge to gain an advantage, such as to delay proceedings, recusal is not warranted. See In re Hipp, 5 F.3d 109, 116-17 (5th Cir. 1993) (affirming order finding no basis for recusal, where defendant filed civil lawsuit against judge assigned to criminal case in order to "gain a continuance" of scheduled trial date). Here, it is readily apparent that plaintiff's intent in adding the undersigned and other judges as parties to Dydzak II is to delay the determination as to whether he should be declared a vexatious litigant. Plaintiff filed Dydzak II and named Judge Chen as a defendant thereto shortly after Judge Chen, in Dydzak I, issued the OSC directing plaintiff to show cause why plaintiff should not be declared a vexatious litigant. Next, plaintiff substituted Judge Orrick for a "Doe" defendant in Dydzak II shortly after Dydzak I was reassigned to Judge Orrick and he ordered plaintiff to respond to said OSC. More recently, shortly after Dydzak I was reassigned to the undersigned, plaintiff substituted the undersigned for a "Doe" defendant in Dydzak II. Were this Court to find disqualification warranted based upon such substitution, the instant related cases would be reassigned to yet another district judge, and it takes no great guesswork to predict the next "Doe" defendant to be "discovered."

In sum, the Court finds the following analysis by the Eastern District of California applicable to the instant actions:

> Normally, when a judge is sued, and is also assigned to the case, the required action is to simply recuse oneself and have another judge decide the matter. [28 U.S.C.] § 455(b)(5)(i). Indeed, the statutory section heading provides that the judge 'shall recuse himself.' However, when vexatious litigants sue multiple judges on multiple occasions, and use the court only

7

for spite purposes naming whomever they please, especially highly placed government officials and judges, for whatever preposterous allegations they determine to allege, an assigned, but sued judge, has the duty to say, 'enough is enough.' The Supreme Court has recognized that although the use of 'shall' in a statute is normally mandatory, there will be situations where 'practical necessity' permits the use of discretion even in the presence of a 'shall.' Town of Castle Rock, Colo. v. Gonzalez, 545 U.S. 748, 761-62, 125 S.Ct. 2796, 2806, 162 L.Ed.2d 658 (2005)[.]

See Mellow v. Sacramento County, 2008 WL 2169447, at *2 (E.D. Cal. May 23, 2008).

Here, as in Mellow, enough is enough:

The present situation demonstrates that if courts are not simply to be abused on the whim of litigants, a judge has discretion not to recuse when the facts of the situation allow for no other conclusion [than] that the courts are being abused. Any other ruling permits ever expansive suits against judges where the judge in the present proceeding is added to the next lawsuit for spite purposes, and so on and so on. This action, and others filed by [the plaintiff], have that very real potential. The recusal statutes do not have to be applied to their illogical extreme.

See id.

## CONCLUSION

For all of the reasons stated above, the Court finds no basis exists to warrant disqualification under § 455.

**IT IS SO ORDERED.**

Dated: March 19, 2018

MAXINE M. CHESNEY
United States District Judge

8