IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 17-cv-04360-MMC<br><br>**ORDER FINDING PLAINTIFF TO BE A VEXATIOUS LITIGANT; PREFILING ORDER** |

By order filed October 31, 2017 (hereinafter, "Order to Show Cause"), the Court[1] directed plaintiff Daniel D. Dydzak to show cause why he should not be declared a vexatious litigant and, as such, subject to pre-filing requirements as set forth therein. On December 21, 2017, plaintiff filed an objection to the Order to Show Cause. Having fully considered the matter, the Court rules as follows.

Before a district court may issue an order finding a litigant to be vexatious and imposing pre-filing restrictions, such court "must: (1) give [the] litigant[ ] notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." See Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal quotations, citation, and alteration omitted).

---

[1] The Order to Show Cause was issued by Judge Edward M. Chen, after which the above-titled action was, on February 8, 2018, reassigned to the undersigned.

United States District Court
Northern District of California

Here, the Order to Show Cause provided plaintiff with an opportunity to oppose issuance of a vexatious litigant order, and plaintiff has taken such opportunity. In his objection, plaintiff first asserts the Court lacks jurisdiction to impose a vexatious litigant order because the above-titled action has been dismissed (see Order, filed October 31, 2017) (hereinafter, "Order of Dismissal") and he has filed a notice of appeal from the Order of Dismissal. Plaintiff is incorrect. See Ringgold-Lockhart, 761 F.3d at 1062 n.2 (rejecting as "without merit" argument that "filing a notice of appeal divest[s] the district court of jurisdiction to issue [a] vexatious litigant order"). Plaintiff also contends the Order to Show Cause is "void," for the asserted reason that Judge Chen, who, as noted above, issued said order, should have been disqualified from hearing the above-titled action. Such contention likewise is unpersuasive. (See Document Nos. 24, 32, 45 (denying plaintiff's motions to disqualify).)

Next, the Order to Show Cause lists the cases and motions that led the Court to find issuance of a vexatious litigant order is warranted, specifically (1) four filings and one oral motion in the above-titled action (see Order to Show Cause at 2:2-10); (2) five filings in Dydzak v. Schwab, Civil Case No. 16-4799, a prior action filed in this district (see Order to Show Cause at 2:11-19); (3) five cases filed by plaintiff in the Central District of California (see Order to Show Cause at 1:26-27), which cases formed the basis for an order, issued in that district and affirmed by the Ninth Circuit Court of Appeals, finding plaintiff to be a vexatious litigant (see Req. for Judicial Notice, filed September 8, 2017, Ex. A) (see id. Ex. B); (4) plaintiff's appeal from the Central District's dismissal of his complaint filed in Dydzak v. Schwarzenegger (see Order to Show Cause at 2:27), which appeal the Ninth Circuit found frivolous (see Order of Dismissal at 4:15 - 5:8);[2] and (5) the complaint filed in Dydzak v. Alexander (see Order to Show Cause at 1:28), a case

---

[2] In the Order to Show Cause, plaintiff was advised that his "history of meritless litigation is described in greater detail in the Court's concurrently-issued order of dismissal" (see Order to Show Cause at 1:16-17), and that the basis for the Order to Show Cause was based in part on the contents of the Order of Dismissal (see id. at 2:20 - 3:7).

2

dismissed by the Central District, which found plaintiff's claims to be "the latest in a long list of frivolous lawsuits" (see Order Dismissing Complaint, filed June 1, 2016, in Dydzak v. Alexander, at 1:19; see also Order of Dismissal, filed in the instant action, at 5:11-13).

Further, the Order to Show Cause made "substantive findings of frivolousness or harassment," see Ringgold-Lockhart, 761 F.3d at 1064, specifically, that plaintiff has engaged in a "pattern of harassing behavior and frivolous filings" (see Order to Show Cause at 2:20-21). The Order of Dismissal, which was incorporated by reference in the Order to Show Cause, identifies frivolous and/or harassing claims made in the instant action (see Order of Dismissal at 8-18), as well as frivolous and/or harassing claims made in five prior cases filed by plaintiff (see id. at 2-6). The Order of Dismissal makes clear that plaintiff has manifested a pattern in which, after a case is dismissed, he names the judge assigned to that dismissed case as a defendant in one or more of his subsequent lawsuits. (See id.)[3]

Lastly, the Order to Show Cause is narrowly tailored, as it will prevent plaintiff "only from filing the type of claims [he] has been filing vexatiously." See Ringgold-Lockhart, 761 F.3d at 1066 (internal quotation and citation omitted); (see also Order to Show Cause at 3:1-5).

Accordingly, for the reasons stated above and in the Order to Show Cause, the Court finds plaintiff is a vexatious litigant, and hereby imposes the following pre-filing conditions:

1. Plaintiff is hereby PROHIBITED from initiating any further litigation in this or any other federal court raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from

---

[3]Additionally, the Order to Show Cause identifies several other courts, specifically, the Central District of California, the Los Angeles Superior Court, and the San Diego Superior Court, in which plaintiff has been found to be a vexatious litigant. (See Order to Show Cause at 2:25-28.)

the federal court in which he seeks to initiate such litigation.

2. Plaintiff is hereby REQUIRED to provide security in the amount of $5000 for each defendant against whom he seeks to proceed with court authorization in the future.

**IT IS SO ORDERED.**

Dated: March 19, 2018

MAXINE M. CHESNEY
United States District Judge